**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

WESTFIELD INSURANCE COMPANY,

                Plaintiff,

v.                                      CIVIL ACTION NO.  5:13-cv-12818

CARPENTER RECLAMATION, INC., and
THE BOARD OF EDUCATION OF
GREENBRIER COUNTY, WEST VIRGINIA,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed Defendant, the Board of Education of Greenbrier County, West Virginia's Motion and Memorandum in Support of Motion to Dismiss ("BOE Mot.") (Document 10), Plaintiff's Response in Opposition ("Pl.'s Resp.") (Document 13), the Board of Education of Greenbrier County, West Virginia's Supplemental Memorandum in Support ("BOE Mem.") (Document 15), and Defendant Carpenter Reclamation, Inc.'s Objection and Memorandum of Law Opposing Motion to Dismiss ("Carp.'s Mem.") (Document 16). After careful consideration of the parties' written submissions and the entire record, the Court finds that the BOE's motion should be denied.

## I.    *BACKGROUND*

This declaratory judgment action arises from a dispute over whether the plaintiff-insurer, Westfield Insurance Company ("Westfield"), has a duty to defend or indemnify the defendant-insured, Carpenter Reclamation, Inc. ("Carpenter"), in an ongoing state court action

filed by the Board of Education of Greenbrier County, West Virginia, ("BOE") against Carpenter and others.   At issue is whether this federal action should be dismissed in favor of the state court case, or in the alternative, whether the BOE should be dismissed from this proceeding.

### A.  State Court Proceedings

In January 2013, the BOE filed suit in the Circuit Court of Greenbrier County, West Virginia, (Civil Action No. 13-C-15) seeking a declaration as to the claims of Carpenter, Swope, and Dougherty. (Document 1 ("Compl.") at 2); (BOE Mot. at 2); (Pl's Resp. at 1.)[1] The state court complaint apparently alleges that the BOE entered into construction contracts with Swope and Dougherty for the construction of Lewisburg Elementary School and an early site work package with Carpenter. (Compl. at 2.)   It further alleges that Swope and Dougherty advised the BOE that due to Carpenter's non-conforming work, they were required to provide additional services and materials to correct those mistakes and /or to proceed with their work. (*Id.* at 3.) The BOE contends that it has received requests for payment by Swope and Dougherty related to their repair of Carpenter's non-conforming work. (*Id.* at 5.) Moreover, Carpenter has allegedly made a demand for $87,138.00. (*Id.* at 4.) According to Westfield, the BOE's Petition seeks a declaration as to the claims of Swope, Dougherty and Carpenter, "which would permit BOE to accept or reject claims of Swope and Dougherty for payment for alleged non-conforming work of Carpenter; would permit BOE to apply Carpenter's contract retainage to pay or reimburse for amounts due others for remediation of the alleged Carpenter non-conforming work; and would permit BOE allowance/compensation as against Carpenter and Western Surety for any amounts BOE was required to pay Swope and Dougherty for the non-conforming work of Carpenter." (Pl.'s Resp. at

---

1 The Court notes that the record does not include a copy of the BOE's complaint filed in state court.

1-2.) More specifically, "the BOE has sought a judgment against Carpenter and Western Surety, Inc. (who allegedly provided a performance bond as surety for Carpenter for the performance of its work), jointly or severely, for any and all amounts which the Court should determine Swope Construction and/or Dougherty Company are entitled to receive for repair to the non-conforming work of Carpenter, including retention of the retainage now held by the BOE pursuant to the Carpenter contract." (Compl. at 3, 5.)

By letter dated February 22, 2013, Westfield denied Carpenter's request for defense and indemnification of the BOE's Petition. (Pl.'s Resp. at 2.) On March 4, 2013, Carpenter filed its Motion to Dismiss, and to Compel Specific Performance, Mediation, as Express Condition Precedent, and to Stay in the Circuit Court of Greenbrier County, West Virginia. (*Id.*) Westfield asserts that "[n]o request for declaratory relief was included in the Greenbrier Circuit Court action concerning the insurance coverage issues raised in this action." (*Id.*)

### B.  Federal Procedural History

On May 31, 2013, Westfield filed its Complaint for Declaratory Relief ("Compl.") (Document 1) in this Court, pursuant to Rule 57 of the Federal Rules of Civil Procedure, 28 U.S.C. § 2201, and W.Va. Code § 55-13-1, *et seq*., seeking a declaration as to insurance policy number TRA-4593575 ("the Policy") issued by Westfield to Carpenter and as to its duties and obligations under that policy.[2] Westfield asserts that under the terms of the Policy, it has agreed to pay those sums which Carpenter becomes legally obligated to pay as damages because of "bodily injury" or

---

2  Westfield alleges that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2201 because there is complete diversity of citizenship between the parties and an amount in controversy in excess of $75,000. (Compl. at 1-2.) Based on the allegations in the Complaint, the Court finds that it has diversity jurisdiction to entertain Westfield's declaratory judgment action.

"property damage" caused by an "occurrence" to which the Policy applies. (Compl. at 22.)[3] Westfield alleges that because the BOE has not presented a claim for "bodily injury" or "property damage," or a claim for loss or damage arising from an "occurrence" as defined by the Policy, coverage does not exist under the Policy for the claims arising from the BOE's state court complaint. (*Id.* at 22-24.)   Rather, Westfield states that the BOE has asserted a claim for breach of contract against Carpenter, and seeks consequential damages arising from that alleged breach, based on Carpenter's alleged failure to complete its work according to the specifications of its contract with the BOE, which required other contractors to remediate/repair Carpenter's alleged deficient work. (*Id.* at 22.) Westfield further alleges that even if the Policy were triggered by the BOE's claims, certain exclusions would apply to exclude coverage for those claims. (*Id.* at 23.) Accordingly, Westfield seeks the following declarations:

> (1) That the Westfield Policy does not provide coverage for the defense or indemnification of Carpenter for those claims asserted by the BOE arising from the early site work package with Carpenter for the new elementary school, which project work allegedly included but was not limited to site clearing and demolition, stock piling, top soil stripping, earth work, rock excavation and reduction of particle size, excavation, compacted fill, remediation/ backfill of existing site sink holes, erosion and sediment control, site storm drainage, establishment of sub-grade for future building and roadways and parking, establishment of finished grade for physical education play fields, spreading of top soil on specified portions of the site, and mulching of specified portions of the site;

> (2) That Westfield has no duty to defend or indemnify Carpenter against those claims asserted by the BOE arising from the early site work package with Carpenter for the new elementary school, which project work allegedly included but was not limited to site clearing and demolition, stock piling, top soil stripping, earth work, rock excavation and reduction of particle size, excavation, compacted fill, remediation/ backfill of existing site sink holes, erosion and sediment control, site

---

3 Section I, paragraph 1, of the Policy provides in pertinent part: "we will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. We will also have the right and duty to defend the insured against any 'suit' seeking those damages. However, we will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply." (Compl. at 6.)

storm drainage, establishment of sub-grade for future building and roadways and parking, establishment of finished grade for physical education play fields, spreading of top soil on specified portions of the site, and mulching of specified portions of the site; and

(3) That Westfield is entitled to such further and additional relief as the Court deems just and proper.

(*Id*. at 24-25.)

On June 14, 2013, the BOE filed its Motion to Dismiss / Memorandum in Support and attached exhibit. (BOE's Mot.)[4] The BOE moves the Court to dismiss the proceeding or, in the alternative, to dismiss the BOE from the proceeding with prejudice. (*Id.* at 1.) In support of its argument that the Court should dismiss the action, the BOE applies the factors cited in *Eastern Associated Coal Corp., v. Munson,* 266 F.Supp.2d 479 (N.D.W.Va. 2003). (*Id.* at 2-5.)[5] First, the BOE argues that the relief sought by Westfield can be issued by the Circuit Court of Greenbrier County. (*Id.* at 4.) Second, the BOE contends that this forum is relatively inconvenient because all the disputes arose in Greenbrier County, all contracts were made there, the subject property is situated there and all parties to that state proceeding do business there. (*Id.*) Third, the BOE asserts that all of the issues to be litigated in this matter could be litigated in the ongoing state court proceeding, and thus, to avoid piecemeal litigation, this declaratory action should be dismissed. (*Id.*) Fourth, the state court proceeding was filed on January 25, 2013, more than four months

---

4  The BOE attaches a letter dated June 5, 2013, from Westfield's counsel to the BOE regarding the state court action. (Document 10 at 8-9.)

5  In *Munson,* the court explained that under the *Colorado River-Moses H. Cone* abstention doctrine, "a district court should consider [the following] six factors when determining whether a federal suit falls within the 'extraordinary and narrow exception' that warrants its dismissal because of the presence of a concurrent state proceeding . . . (1) assumption by either court of jurisdiction over a res; (2) the relative inconvenience of the forums; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether and to what extend federal law provides the rules of decision on the merits; and (6) the adequacy of the state proceeding in protecting the rights of the party invoking jurisdiction." *Munson,* 266 F.Supp.2d at 484 (citing *Colorado River Water Conservation District v. United States,* 424 U.S. 800 (1976); *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp*., 460 U.S. 1 (1983)). However, as the Court will explain this is not the appropriate analysis to use in the instant case.

before this action was filed. (*Id.* at 5.) Fifth, the BOE argues that Plaintiff's rights could be adequately protected in the ongoing state court proceeding. (*Id.*) The BOE also contends that because this Court would have to apply West Virginia law in reviewing and analyzing the contract at issue, there is no compelling reason for this Court to adjudicate this matter when there is an ongoing state court suit involving the Plaintiff's insured. (*Id.* at 4-5.) Finally, the BOE notes that the Court in *Munson* looked to an agreement between the parties with explicit and general waiver of judicial forum and contends that this case is similar because the BOE and Carpenter agreed that any action of Carpenter raised pursuant to the contract be instituted in the West Virginia Court of Claims, and that the BOE could pursue claims in any Circuit Court in West Virginia. (*Id.* at 3.) The BOE argues that the pending declaratory action in the Circuit Court of Greenbrier County was filed pursuant to the contract and that Carpenter has submitted to that Court's jurisdiction by filing and joining additional parties and motions. (*Id.* at 4.) Therefore, the BOE argues that the Court should abstain from jurisdiction and dismiss this action. In the alternative, the BOE argues that it should be dismissed because Westfield has acknowledged that the BOE is "not required to participate in the proceeding and the [Declaratory] action does not seek any monetary relief from [the BOE], or any other entity." (*Id.* at 2) (quoting Document 10 at 8-9.)

On June 27, 2013, Westfield filed its Response in Opposition and attached exhibits.[6] (Document 13-1.) Westfield argues that the Court should retain jurisdiction based on an application of the four factors considered in *Nautilus Ins. Co. v. Winchester Homes, Inc.,* 15 F.3d

---

6 Westfield attached the following as Exhibits: (A) a copy of a letter dated February 22, 2013, from Westfield to Carpenter denying Carpenter's request for defense and indemnification of the BOE's Petition; and (B) a copy of an Order issued on November 20, 2012, by Chief Judge Goodwin of the Southern District of West Virginia in *Westfield Insurance Company v. David T. Mitchell, III, et al*., Civil Action No. 2:12-cv-00585, denying Defendant's Motions to Realign Parties or Dismiss or Stay.

371, 375 (4th Cir.1994).[7] First, Westfield argues that the issues in this case do not present any new or novel issues of state law, and therefore, the first factor does not weigh in favor of dismissal or stay. (Pl.'s Resp. at 4.) Second, Westfield contends that the matters at issue in the federal and state actions are distinct because it is not a party to the underlying state action, and BOE's state action Petition does not raise any insurance coverage issues. Third, Westfield argues that there is little risk of entanglement of federal and state legal and factual issues because issues here are distinct from those in the state court action. (*Id.*) Moreover, "[r]esolution of coverage issues in this action will not affect Defendant BOE's Petition or claims in the state action." (*Id.* at 5-6.) Fourth, Westfield argues that there is no evidence of "procedural fencing" or forum-shopping. Accordingly, Westfield asserts that none of these factors weigh in favor of dismissal or stay. (*Id.*) Finally, Westfield asserts that the BOE's reliance on *Munson* is misplaced because the insurance contract at issue in this case does not contain a choice of venue/law provision. (*Id.*) Moreover, Westfield is not a signatory of the BOE contract, and therefore, is not bound by the provisions contained therein. (*Id.*) Based on the foregoing, Westfield argues that the BOE's motion to dismiss should be denied. (*Id.* at 7.)

On July 19, 2013, the BOE filed a Supplement to Memorandum in Support of Motion to Dismiss (BOE Supp. Mem.) and attached exhibits.[8] (Document 15 at 5-10.) First, the BOE

---

7 The Court in *Nautilus* found that a district court should consider the following factors in deciding whether to proceed with a federal declaratory judgment: (1) "the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts[;]" (2) "whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending[;]" (3) "whether permitting the federal action to go forward would result in unnecessary 'entanglement' between the federal and state court systems, because of the presence of 'overlapping issues of fact or law[;]'" and (4) "whether the declaratory action is being used merely as a device for 'procedural fencing' – that is, 'to provide another forum in a race for res judicata' or 'to achieve a federal hearing in a case otherwise not removable.'" *Nautilus,* 15 F.3d at 377.

8 The following are attached as exhibits: (1) a copy of a letter dated June 5, 2013 from Brent Kesner of Kesner & Kesner, PLLC, Westfield's legal counsel, to Erwin Conrad of Conrad & Conrad, the BOE's counsel, regarding the underling state court action (Document 15 at 5-6); and (2) a copy of the docket sheet in BOE v. Swope Construction,

stresses that counsel for Westfield recognized that it is "simply a permissive party unnecessary to the proceeding." (*Id.* at 2.) Second, the BOE contends that the Circuit Court of Greenbrier County has assumed jurisdiction over all disputes involving the party litigants, and therefore, the instant action to determine whether Westfield is required to provide coverage and defense for Carpenter is the definition of piece-meal litigation. (*Id.*) Finally, the BOE states that the underlying state court action was pending for several months before the filing of the federal action and asserts that it "appears that the parties have recognized the adequacy of the State proceeding inasmuch as all parties therein filed or responded to numerous filings in that court." (*Id.* at 3.) Therefore, the BOE argues that this proceeding should be dismissed in favor of the pending underlying state court action, or in the alternative, the BOE should be dismissed with prejudice. (*Id.*)

Also on July 19, 2013, Defendant and Cross-Claimant, Carpenter,[9] filed its Objection and Memorandum of Law Opposing Motion to Dismiss and attached exhibits.[10] (Carp. Mem) Carpenter argues that the BOE is "entitled to no relief, and should be ordered to file any responsive pleadings, as is necessary." (*Id.* at 1.) Carpenter takes issue with the BOE's statement that "it also

---

et. al. (Document 15 at 7-10.)

[9] On June 19, 2013, Carpenter filed its Answer to Westfield's Complaint and its Counterclaim for Money Damages and Declaratory Relief against Westfield and a cross-claim against the BOE. (Document 12.) In its counterclaim against Westfield, Carpenter asserts: (1) breach of the insurance contract for failure to provide coverage and defense in the state court action; (2) breach of implied covenant of good faith and fair dealing; (3) breach of fiduciary duty; (4) bad faith; and (5) punitive damages. (*Id.* at 14 -30.) In its cross-claim against the BOE, Carpenter asserts: (1) breach of contract / unjust enrichment; (2) fraud, deceit, misrepresentation, negligent, and intentional; (3) prompt payment act violation; (4) declaratory relief; and (5) negligence and breach of warranty of adequacy. (*Id.* at 31-50.)

[10] The attached exhibits include: (1) a copy of Defendants' Swope Construction Company and Dougherty Company Inc.'s Motion to Dismiss and Memorandum in Support filed in Civil Action No. 12-C-15 in the Circuit Court of Greenbrier County, West Virginia (Document 16-1); a copy of Carpenter's and Western Surety Company's Motion to Dismiss and in the alternative, Motion to Alter, Amend, and Vacate, Set Aside and Reconsider June 14, 2013 Order filed in Civil Action No. 12-C-15 in the Circuit Court of Greenbrier County, West Virginia (Document 16-2); (3) a copy of Carpenter's and Western Surety Company's Memorandum in Support (Document 16-3); (4) a copy the June 18, 2013 Order of Judge James J. Rowe of the Circuit Court of Greenbrier County, West Virginia (Document 16-4); (5) a copy of a letter dated February 13, 2013 from Charles M. Johnstone, II of Johnstone & Gabhart, LLP to Erwin Conrad of Conrad & Conrad regarding a Demand for Dismissal of Petition and Payment of Undisputed Debt in Civil Action No. 13-C-15 (Document 16-5); (6) a copy the June 14, 2013 Order of Judge James J. Rowe of the Circuit Court of Greenbrier County, West Virginia (Document 16-6); and (7) copies of legal advertising invoices and advertising receipts. (Document 16-7.)

appears that the parties have recognized the adequacy of the State proceeding . . ." (*Id.* at 1-2.) Carpenter contends that the state court proceeding is a "sham civil action, lacking proper subject matter jurisdiction[,]" and therefore, it does not recognize the adequacy of the state court proceeding. (*Id.* at 2-4.) Carpenter also argues that abstention would be improper because subject matter jurisdiction is not challenged, there is no concern for piecemeal litigation and this relatively convenient forum will "address the needs of Carpenter and other parties to adjudicate this matter on the merits." (*Id.* at 5-6.)   Therefore, Carpenter opposes the BOE's motion to dismiss. (*Id.* at 6-7.)

## II.    APPLICABLE LAW

The Declaratory Judgment Act, 28 U.S.C. § 2201, provides that district courts "*may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."[11] 28 U.S.C. § 2201 (emphasis added). This power is discretionary, but the Fourth Circuit Court of Appeals has explained that a declaratory judgment action "is appropriate when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and . . . when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Penn–America Ins. Co. v. Coffey,* 368 F.3d 409, 412 (4th Cir.2004) (internal quotation marks omitted). "It is well established that a declaration of parties' rights under an insurance policy is an appropriate use of the

---

11 Title 28 U.S.C. Section 2201 provides in pertinent part: "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." (*Id.*)

declaratory judgment mechanism." *United Capitol Ins. Co. v. Kapilloff,* 155 F.3d 488, 494 (4th Cir.1998).

However, a declaratory judgment should not be employed "to try a controversy by piecemeal, or to try particular issues without settling the entire controversy, or to interfere with an action which has already been instituted." *First Financial Insurance Co., v. Crossroads Lounge, Inc.,* 140 FSupp.2d 686, 690 (S.D.W.Va. 2001) (J. Chambers*)* (quoting *Aetna Cas. & Sur. Co. v. Quarles,* 92 F.2d 321, 325 (4th Cir.1937)). "A state court action's existence or nonexistence, though not dispositive, is a significant factor alongside 'considerations of federalism, efficiency, comity, and procedural fencing.'" *Allstate Property and Cas. Ins. Co. v. Cogar,* 2013 WL 1975647 (N.D.W.Va. May 13, 2013) (quoting *Aetna Cas. & Sur. Co. v. Ind–Com Elec. Co.,* 139 F.3d 419, 423 (4th Cir.1998)).

The Fourth Circuit Court of Appeals has recognized different standards for determining whether to abstain from exercising jurisdiction over claims for declaratory relief and nondeclaratory relief. *See, Great American Ins. Co. v. Gross,* 468 F.3d 199, 211 (4th Cir.2006). In determining whether to abstain from exercising jurisdiction over *nondeclaratory* claims, a district court should employ the factors from *Colorado River Water Conservation District v. United States,* 424 U.S. 800 (1976). *See, Great Am. Ins. Co. v. Wilmeth Law Firm,* 2007 WL 2815592, at *3 (D.S.C. Sept. 25, 2007) (citing *Gross* and stating "[t]he district court's decision whether to abstain from exercising jurisdiction over nondeclaratory claims is governed by the *Colorado River* doctrine.").   However, when determining whether to proceed with a federal declaratory judgment action when a parallel state court action is pending, a district court should look to the factors used in *Nautilus Ins. Co. v. Winchester Homes, Inc.,* 15 F.3d 371 (4th Cir.1994). Because Westfield's

10

Complaint only seeks declaratory relief and there is a pending state court action, *Nautilus* is the appropriate test.[12] (*Id.*); (Compl. at 24-25.)

The Fourth Circuit has articulated four factors for district courts to consider under the *Nautilus* test: "(1) whether the state has a strong interest in having the issues decided in its courts; (2) whether the state court could resolve the issues more efficiently than the federal court; (3) whether the presence of overlapping issues of fact or law might create unnecessary entanglement between the state and federal court; and (4) whether the federal action is mere procedural fencing in the sense that the action is merely the product of forum shopping. *Gross*, 468 F.3d at 211 (citing *Nautilus*, 15 F.3d at 376). A district court has "wide discretion" in applying these factors, but "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 257 (4th Cir.1996) (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995)).

### III.   ANALYSIS

Before applying the *Nautilus* factors, the Court notes that, as that case exists now, Westfield is not a party to the pending litigation in state court. Moreover, the Court understands that the state case will not necessarily resolve the controversy presented by Westfield's declaratory judgment complaint, namely, its duty to defend and indemnify Carpenter. (Pl.'s Resp. at 2) ("No request for declaratory relief was included in the Greenbrier Circuit Court action concerning the insurance coverage issues raised in this action by Westfield.") Nevertheless, this Court finds that

---

12  The Court notes that the BOE's reliance on the *Colorado River* factors employed in *Eastern Associated Coal Corp., v. Munson*, 266 F.Supp.2d 479 (N.D.W.Va. 2003), is misplaced.

"[t]he existence of th[e] state action . . . animates the issues of federalism and comity and counsels carefully examination of the factors identified in *Nautilus.*" *Kapiloff,* 155 F.3d at 494; *see also Aetna Cas. & Sur. Co v. Ind–Com Elec. Co.,* 139 F.3d 419 (4th Cir.1998) (per curiam) (affirming dismissal under *Nautilus* where no related state case existed).   Analysis of the Nautilus factors follows:

### A.  State Interest

The first factor, the strength of the state's interest in having the issues decided in state court, does not weigh in favor of abstention. Although this case will involve the application of West Virginia law, there is nothing that would give West Virginia courts a particularly strong interest in deciding it. A federal court should only exercise its discretion to abstain from deciding questions of state law when "the questions of state law involved are difficult, complex, or unsettled." *Gross,* 468 F.3d at 211; *see also, Am. Nat'l Prop. & Cas. Co. v. Weese,* 863 F.Supp. 297, 300 (S.D.W.Va.2004) (citation omitted) ("For the state's interest to be 'compelling,' the questions of state law must rise to the level of 'difficult, complex, or unsettled.'"). In *Gross,* the Fourth Circuit Court of Appeals found that the "routine application of settled principles of insurance law to particular disputed facts" was not "difficult or problematic." (*Id.*) Moreover, as the Fourth Circuit explained in *Penn-America,*

> to defer to the state court . . . case in the circumstances before us will not advance the State's interests significantly because (1) the contractual coverage issue will not be decided by the state . . . case, and (2) [the insurer] is not a party to the state case. Moreover, as we have observed, the State's interest is "not particularly significant" where any state law issues are standard and "unlikely to break new ground."

*Penn-America Ins. Co. v. Coffey,* 368 F.3d 409, 414 (4th Cir.2004) (quoting *Kapiloff,* 155 F.3d at 494).

As in *Penn-America,* the insurer in this case, Westfield, is not a party to the state court litigation and the insurance coverage issue is not before the state court. Furthermore, whether the BOE's claims against Carpenter raise any claim for damages covered under the Westfield insurance policy at issue is a standard state law issue and is "unlikely to break new ground."[13] (*Id.*) In West Virginia, "[w]here the provisions of an insurance policy contract are clear and unambiguous they are not subject to judicial construction or interpretation, but full effect will be given to the plain meaning intended." *Keffer v. Prudential Ins. Co. of America,* 172 S.E.2d 714, 715 (W.Va.1970). On the other hand, "any ambiguities in the language of insurance policies must be construed liberally in favor of the insured." *Aetna Cas. & Sur. Co. v. Pitrolo,* 176 W.Va. 190, 342 S.E.2d 156, 160 (W.Va. 1986) (citations omitted). Moreover, "West Virginia's Supreme Court and the courts of her sister states have provided sufficient guidance in the broader areas of contract interpretation and of the applicability of insurance policy exclusions generally, including whether those exclusions comport with public policy." *First Financial Ins. Co. v. Crossroads Lounge, Inc.,* 140 F.Supp.2d 686, 696 (S.D.W.Va.2001) (J. Chambers) (citation omitted). Because no "difficult, complex or unsettled" questions of West Virginia law are readily apparent, West Virginia has no compelling state interest in having the issues presented in this case decided in its own courts.

Based on the foregoing, the Court concludes that the State of West Virginia's interest in having these issues decided in West Virginia state court "is not sufficiently compelling to weigh against the exercise of federal jurisdiction." *Nautilus,* 15 F.3d at 378.   In other words, the first factor does not weigh in favor of dismissal.

---

13  Westfield stresses that "this case presents no new or novel issues." (Document 13 at 4.) The BOE has made no assertion or argument that the issues before this Court are difficult, complex, or unsettled. (*See,* Documents 10 and 15.)

13

### B. *Efficiency Concerns*

The second factor, whether the state court could resolve the issues presented here more efficiently than this court, also does not weigh in favor of dismissal. In evaluating efficiency concerns, the Court should consider "whether the questions in controversy between the parties to the federal suit . . . can be better settled in the proceeding pending in the state court." *Nautilus,* 15 F.3d at 378 (quoting *Brillhart v. Excess Ins. Co.,* 316 U.S. 491, 495 (1942)); *see also, Gross,* 468 F.3d at 211–12. In the Fourth Circuit, this question requires a "careful inquiry into 'the scope of the pending state court proceeding' including such matters as 'whether the claims of all parties in interest [to the federal proceeding] can satisfactorily be adjudicated in [the state proceeding].' " *Nautilus,* 15 F.3d at 378–379 (alterations in original) (quoting *Brillhart,* 316 U.S. at 495). Moreover,

> In deciding whether to entertain a declaratory judgment action, a federal court should analyze whether its resolution of the declaratory action will settle all aspects of the legal controversy. This court has long recognized that it makes no sense as a matter of judicial economy for a federal court to entertain a declaratory action when the result would be to "try a particular controversy by piecemeal, or to try particular issues without settling the entire controversy."

*Mitcheson v. Harris,* 955 F.2d 235, 239 (4th Cir.1992) (quoting *Quarles,* 92 F.2d at 325).

As noted, Westfield is not a party to the state court action and the insurance coverage matters are not at issue in that court. Therefore, this Court can resolve the entire controversy regarding Westfield's declaratory judgment action. Although, the coverage issue could be resolved in some later-filed action in state court, that possibility alone is not sufficient to warrant dismissal. *See, McClung v. Westport Insurance Corporation,* 2012 WL 2906760, at *3 (S.D.W.Va. July 16, 2012) (C.J. Goodwin); *Zurich American Ins. Co. v. Public Storage,* 697 F.Supp.2d 640 (E.D.Va. Mar. 17, 2010). Moreover, as Westfield noted in its response in

14

opposition, "no cross-claim has been filed against [it] in the underlying action, even though Carpenter was aware of Westfield's denial [of its request for defense and indemnification of the BOE's Petition] at the time it filed its Motion to Dismiss in the underlying action." (Pl.'s Resp. at 5.)  Because abstention from deciding this matter would not advance judicial efficiency, this factor does not weigh in favor of dismissal.

### C.  *Unnecessary Entanglement*

The third factor, whether deciding the federal action would cause unnecessary entanglement with state court proceedings, does not support dismissal.   In applying this factor, a court should determine whether the state and federal actions present "overlapping issues of fact or law." *Nautilus,* 15 F.3d at 377 (quoting *Mitcheson v. Harris,* 955 F.2d 235, 239 (4th Cir.1992)). More specifically, a district court must consider whether "a declaration of the parties' rights in [the federal] action would necessitate resolution of the same questions of fact and law [pending] before the state court." *Nautilus Ins. Co. v. Maynard,* 2007 WL 2963774 (S.D.W.Va. October 9, 2007) (J. Faber). As noted above, Westfield is not a party to the state court action, and the instant declaratory action presents entirely distinct issues regarding insurance coverage which are not pending before the state court. The instant action seeks a determination of whether Westfield owes the duties of defense or indemnification to Carpenter under the Policy. The Court will only have to "decide whether the [BOE's state court] complaint's allegations, if proved, would bring the factual scenario within the scope of the [insurance policy or] exclusion[s]." *Penn-America,* 368 F.3d at 413 (alteration added).   Answering that question will not require determination of any issues before the state court. Thus, the issues of law and fact presented by the state and federal actions are not sufficiently "overlapping" so as to result in unnecessary entanglement between the state and

federal court systems. *See, Nautilus,* 15 F.3d at 377; *Zurich,* 697 F.Supp.2d 640 (concluding that the declaratory judgment action to determine whether Plaintiff-insurer had a duty to defend and indemnify Defendants-insured presented little, if any, risk of entanglement with the ongoing state liability litigation where Plaintiff-insurer was not a party to the state action and coverage matters were not in issue there).

### D.  Procedural Fencing

With respect to the final factor, the Court finds no indication that Westfield filed this declaratory judgment action as a means of   " 'procedural fencing,' i.e., 'to provide another forum in a race for res judicata' or 'to achiev[e] a federal hearing in a case otherwise not removable.'" *Nautilus,* 15 F.3d at 377 (citation omitted).  For example, procedural fencing exists where "a party has raced to federal court in an effort to get certain issues that are already pending before the state courts resolved first in a more favorable forum." *Gross,* 468 F.3d at 212. The Court notes that the issues raised in this action are not the same as those raised in the pending state court action. Although Westfield filed its action in federal court months after the state court action was filed, the order of filing suit is not dispositive, "but merely another ingredient in the mix." *First Fin. Ins. Co. v. Crossroads Lounge, Inc.,* 140 F.Supp.2d 686, 691 fn. 4 (S.D.W.Va.2001) (J. Chambers.) Moreover, "[t]he Fourth Circuit has rejected the contention that merely filing a declaratory relief action in federal court constitutes procedural fencing." *Nationwide Mut. Ins. Co. v. 1400 Hampton Blvd., LLC,* 2010 WL 5525078 (E.D.Va. Dec. 2, 2010) (citing *Penn-America Ins. Co. v. Coffey*, 368 F.3d 409, 414 (4th Cir.2004.))   There is no convincing evidence that Westfield engaged in any conduct analogous to forum shopping or procedural fencing in the instant case. Again, Westfield is not a party to the state court case and no insurance coverage issue is before that court.

Therefore, Westfield does not appear to have initiated this action in a race for res judicata. Westfield explained that it "had every right to pursue an independent declaratory action in the forum of its choice" and "chose to proceed here." Based on the foregoing, this factor does not weigh in favor of dismissal.

Applying the four *Nautilus* factors to this case, the Court concludes that it should exercise jurisdiction over this declaratory judgment action.   The Court emphasizes that: (1) West Virginia's interest in resolving this dispute is minimal; (2) judicial economy will not be served by dismissing this action; (3) there is little to no risk of entanglement with the ongoing state court action; and (4) there is no evidence of procedural fencing.

Finally, the Court will briefly address the BOE's motion to dismiss itself from the proceeding with prejudice. In support, the BOE cites to a letter from Westfield's legal counsel dated June 5, 2013, in which it indicated that the BOE is a "permissive party" and is "not required to participate in the proceeding, and the declaratory action does not seek any monetary relief from the [BOE] or any other entity." (BOE's Mot. at 2, 8); (BOE's Supp. Mem. at 2.) The BOE does not cite to any legal rule or case law in support of its motion. (*Id.*)   The Court is not inclined to grant BOE's motion which is based solely upon a letter.

### *CONCLUSION*

Wherefore, based on the findings herein, the Court does hereby **ORDER** that Defendant, the Board of Education of Greenbrier County, West Virginia's Motion to Dismiss (Document 10) be **DENIED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:          September 25, 2013

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

18